940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Donald ALLGOOD, Defendant-Appellant.
 Nos. 90-6436, 90-6437.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 
 
 2
 ANN ALDRICH, District Judge, delivered an opinion in which parts I, II.A, III and IV, were the opinion of the court; and in which section II.B was a dissenting opinion. DAVID A. NELSON, Circuit Judge, delivered a separate opinion of the court, in which ALAN E. NORRIS, Circuit Judge, joined.
 
 
 3
 ANN ALDRICH, District Judge.
 
 
 4
 Jerry Donald Allgood entered a conditional plea of guilty to several firearms offenses, preserving his right to appeal the district court's denial of his motion to dismiss Count 5 of the indictment against him. Count 5, brought under 18 U.S.C. Sec. 924(c), charged Allgood with carrying a firearm "during and in relation to a crime of violence" under 18 U.S.C. Sec. 1952, which prohibits interstate and foreign travel in aid of racketeering enterprises. Allgood also appeals his sentence, contending that the sentencing judge erroneously declined to credit him with two points under Sec. 3E1.1(a) of the Sentencing Guidelines for "acceptance of responsibility." This opinion announces the unanimous judgment of the court that Allgood's sentence shall be affirmed. Judge NELSON's separate opinion shall announce the majority's conclusion, and thus the judgment of the court, that Allgood's conviction under Count 5 of the indictment also shall be affirmed. Section II.B of this opinion represents my dissent from the majority's view regarding Count 5 of the indictment.
 
 I.
 
 5
 A federal grand jury indicted Allgood on March 22, 1990, for two counts of being a felon in possession of a firearm, 18 U.S.C. Secs. 922(g)(1), 924(a)(2); one count of possession of an unregistered firearm, 26 U.S.C. Sec. 5841(a); one count of interstate travel in aid of racketeering, 18 U.S.C. Sec. 1952; and one count of possession of a firearm in the commission of a felony, 18 U.S.C. Sec. 924(c).
 
 
 6
 On June 12, 1990, Allgood failed to appear for trial on these charges, and a bench warrant was issued for his arrest. Federal authorities recaptured Allgood two days later in New Mexico, and the grand jury subsequently indicted Allgood for failure to appear, 18 U.S.C. Sec. 3146.
 
 
 7
 Allgood filed a motion to dismiss Count 5 of the original indictment, which charged him with being a felon in possession of a firearm. The government then filed a superseding indictment, which changed the language in Count 5 to charge Allgood with possessing a firearm in relation to a crime of violence, also a violation of 18 U.S.C. Sec. 924(c). On August 28, 1990, the district court orally denied Allgood's motion to dismiss Count 5.
 
 
 8
 Allgood subsequently entered his conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss Count 5. See Fed.R.Crim.P. 11(a)(2). The district court then imposed a 27 month sentence on Counts 1-4 and a consecutive term of 60 months on Count 5. The court also sentenced Allgood to a consecutive 15 month term for his failure to appear. The government recommended that Allgood receive a six-point credit for substantial cooperation, and a two-point credit for acceptance of responsibility. However, the court declined to credit Allgood with two points for acceptance of responsibility on the original charges against him, although it gave Allgood a two-point acceptance of responsibility credit for his failure to appear.
 
 
 9
 These appeals followed, consolidating the initial case (Court of Appeals' Number 90-6437) with Allgood's conviction for failure to appear (90-6436).
 
 II.
 A.
 
 10
 Count 5 on the superseding indictment, which Allgood challenges on this appeal, charged:
 
 
 11
 Between on or about January 15, 1990, and on or about January 21, 1990, in the Middle District of Tennessee JERRY DONALD ALLGOOD and ROBERT TAYLOR knowingly used and carried firearms, to wit, two 38 caliber Charter Arms revolver handguns, an Indian Sales model 4, 25 caliber automatic, a 22 caliber automatic, a Winchester Defender 12 gauge shotgun and two Harrington and Richardson 12 gauge single barrel shotguns during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit, Title 18, United States Code, Section 1952.
 
 
 12
 In violation of Title 18, United States Code, Section 924(c).
 
 
 13
 Count 4 of the indictment charged Allgood with a violation of 18 U.S.C. Sec. 1952, as follows:
 
 
 14
 Between on or about January 15, 1990, and on or about January 21, 1990 in the Middle District of Tennessee and elsewhere, JERRY DONALD ALLGOOD and ROBERT TAYLOR did travel in interstate commerce from the State of Tennessee to the State of Texas and did use a facility in interstate commerce with intent to commit a crime of violence and to further an unlawful activity and thereafter attempted to commit a crime of violence to further an unlawful activity, to wit: the use of firearms to obtain marijuana.
 
 
 15
 In violation of Title 18, United States Code, Section 1952.
 
 
 16
 The overall thrust of the charges was that Allgood and his cohorts had been travelling to Texas from Tennessee, posing as federal Drug Enforcement Agents and "ripping off" drug dealers. Allgood and his co-defendants were apprehended as they returned to Tennessee from one such trip on January 21, 1991.
 
 Title 18, Section 924(c) provides in part:
 
 17
 (1) Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment [without possibility of parole] for five years ...
 
 
 18
 .............................................................
 
 
 19
 ...................
 
 
 20
 * * *
 
 
 21
 (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and--
 
 
 22
 (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 
 
 23
 (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 24
 Subsection (3) is substantially identical to the general definition of "crime in violence" at 18 U.S.C. Sec. 16.
 
 
 25
 Title 18, Section 1952, is entitled "Interstate and foreign travel or transportation in aid of racketeering enterprises," and provides, in part:
 
 
 26
 (a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to--
 
 
 27
 (1) distribute the proceeds of any unlawful activity; or
 
 
 28
 (2) commit any crime of violence to further any unlawful activity; or
 
 
 29
 (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
 
 
 30
 and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
 
 
 31
 Allgood argues that since it is possible to violate 18 U.S.C. Sec. 1952 without committing a "crime of violence," he may not be convicted under 18 U.S.C. Sec. 924(c) based on a violation of that statute. Allgood focuses his argument on our decision in U.S. v. Meyer, 803 F.2d 246, 248-49 (6th Cir.1986), cert. denied, 480 U.S. 936 (1987), where we considered whether drug trafficking offenses were inherently "crimes of violence" under 18 U.S.C. Sec. 924(c). At that time, the statute did not include the phrase "or drug trafficking offense" after the words "any crime of violence," and the statute did not contain its own internal definition of "crime of violence." Following other courts of appeals which had considered the issue, we concluded that although some drug trafficking offenses involve violence, they are not inherently crimes of violence under the definition stated in 18 U.S.C. Sec. 16(b). In U.S. v. Diaz, 778 F.2d 86, 88 (2d Cir.1985), which we cited with approval in Meyer, the Second Circuit based its analysis of the statute on several factors, including the plain meaning of the statutory language and the principle that ambiguities in criminal statutes must be resolved in favor of the defendant. See also U.S. v. Cruz, 805 F.2d 1464, 1468-75 (11th Cir.1986). Allgood contends that 18 U.S.C. Sec. 1952 is similar to the drug trafficking offenses in Meyer; in other words, a violation of Sec. 1952 may involve violence, but a violation of that statute should not be considered "inherently" violent.
 
 
 32
 The government disputes Allgood's analogy to Meyer, and it draws our attention to our recent decision in U.S. v. Maddalena, 893 F.2d 815, 819-20 (6th Cir.1989), for the proposition that the district court properly considered the language of Count 4 of the indictment to determine whether Allgood's violation of Sec. 1952 was a "crime of violence." In Maddalena, we concluded that the district court may, in its discretion, look beyond the statutory definition of an offense in determining whether a defendant is a "career offender" within the meaning of Sec. 4B1.1(3) of the Sentencing Guidelines. Under Sec. 4B1.1 of the Guidelines, a defendant is a career offender if he has two prior convictions of a "crime of violence" or a controlled substance offense; section 4B1.2 defines "crime of violence" in terms substantially identical to 18 U.S.C. Sec. 924(c)(3) and 18 U.S.C. Sec. 16. We permitted the Maddalena sentencing court to consider the prosecutor's information, to which Maddalena had pled guilty, to determine whether Maddalena had committed an unarmed bank robbery in a violent manner. Under 18 U.S.C. Sec. 2113(a), one may commit that crime by either "force or violence" or "intimidation."
 
 B.
 
 33
 I do not find Maddalena to be controlling in this case. Rather, unlike my colleagues, I believe that a strict reading of the teachings in Meyer and Diaz indicates that Allgood's conviction under 18 U.S.C. Sec. 924(c) should be reversed. Maddalena, relied upon heavily by the government, involved a construction of the Sentencing Guidelines, and it allowed the district court to consider the facts underlying the defendant's prior convictions as a discretionary matter. I do not believe that the district court should similarly be permitted to exercise discretion to consider extraneous facts in determining whether all of the elements of an offense have been properly charged.
 
 
 34
 The requirements for a minimally sufficient indictment are well-established:
 
 
 35
 [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence (sic) intended to be punished."
 
 
 36
 Hamling v. U.S., 418 U.S. 87, 117 (1974) (citations omitted); see also Allen v. U.S., 867 F.2d 969, 971 (6th Cir.1989). Count 5 of the indictment, which is at issue in this appeal, charged Allgood with carrying firearms "during and in relation to a crime of violence for which [he] may be prosecuted in a court of the United States, to wit, Title 18, United States Code, Section 1952." Since a violation of Sec. 1952 does not require an act of violence or attempted violence, I find Count 5 of the indictment to be facially deficient for failure to recite sufficient elements to sustain a violation of Sec. 924(c). Although, as the majority emphasizes, a violation of Sec. 1952 may sometimes involve violence, I believe that Count 5 of the indictment, as framed in this case, is ambiguous and uncertain.
 
 
 37
 My dissenting view that the district court should not have looked beyond Count 5 of the indictment, and the plain language of 18 U.S.C. Sec. 1952, to determine whether Allgood carried a firearm during and in relation to "a crime of violence" in violation of 18 U.S.C. Sec. 924(c), is further supported by the principle that both statutes should be strictly construed in Allgood's favor. Application of this "rule of lenity" would serve two main purposes: (1) to provide fair and adequate warning of the conduct rendered illegal and, by extension, the conduct charged in the indictment; and (2) to "strike[ ] the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability." Liparota v. U.S., 471 U.S. 419, 427 (1985). It is incumbent upon the government to charge criminal conduct with specificity, and only to the extent that Congress has unambiguously defined that criminal conduct by statute. I do not believe that the district court can exercise discretionary authority to either cure the ambiguity of the government's charge in an indictment, or to look to extraneous facts to determine whether a particular violation of 18 U.S.C. Sec. 1952 is a "crime of violence" when violations of that statute are not, by the terms of the statute, necessarily violent. "It is the legislature, and not the court, which is to define a crime, and ordain its punishment." U.S. v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95 (1820) (quoted in U.S. v. Minarik, 875 F.2d 1186, 1193 (6th Cir.1989)); see also U.S. v. Bass, 404 U.S. 336, 347-48 (1971).
 
 III.
 
 38
 We next consider Allgood's argument that the district court erred by not reducing his offense level by two points for acceptance of responsibility--as recommended by the government--in case number 90-6437. In imposing sentence, the court emphasized that Allgood initially fled when he was scheduled for trial, and that Allgood had not cooperated with the government until after he was arrested for bail jumping. The sentencing court did reduce Allgood's base offense level by two points in case number 90-6436 for failure to appear. In addition, Allgood independently earned a six-point credit for substantial cooperation with authorities in case number 90-6437.
 
 
 39
 The evidence presented at the sentencing hearing included Allgood's testimony that he fled because he was "scared to death" and had "never been locked up before." Allgood testified that he went to Mexico but then changed his mind. According to Allgood, he was arrested after he passed back into the United States, near the Texas/New Mexico boarder, on his way back to Tennessee. FBI Special Agent James Harcum testified that the border patrol initially permitted Allgood to pass back into the United States, but, upon learning of the outstanding bench warrant from a computer check, pursued him and apprehended him in New Mexico. Harcum also testified about Allgood's cooperation with authorities. Allgood gave details regarding the trip to Texas--as well as similar trips--including the identities of his co-defendants and the "main figure down in Texas." In addition, Allgood told the Court that he had agreed to "fully and completely" testify on behalf of the government.
 
 
 40
 Section 3E1.1(a) of the Sentencing Guidelines provides that the district court may reduce the offense level by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." We discussed this guideline at length in U.S. v. Wilson, 878 F.2d 921, 922-24 (6th Cir.1989), where we affirmed the district court's decision not to reduce Wilson's offense level for acceptance of responsibility even though Wilson ultimately pled guilty. We also pointed out that such decisions must be reviewed under the "clearly erroneous" standard because of the district court's superior ability to assess the credibility of the defendant's contrition. Id. at 923.
 
 
 41
 Since Wilson, we have consistently affirmed sentences where the district court has declined to award a two-point reduction for acceptance of responsibility, notwithstanding the defendant's plea of guilty. For example, in U.S. v. Luster, 889 F.2d 1523, 1525-26 (6th Cir.1989), the defendant eluded arrest for several offenses involving fraudulently obtained and stolen credit cards, drug paraphernalia, and driving a stolen automobile. In addition, Luster failed to keep in contact with Pretrial Services when he was released on bond, provided Pretrial Services with false information, and failed to appear for a preliminary examination. We noted that Luster only began to show signs of "accepting responsibility" after he was subsequently rearrested and detained, and we affirmed the district court's decision not to award Luster credit for acceptance of responsibility. See also U.S. v. Nelson, 922 F.2d 311, 316-17 (6th Cir.1990), cert. denied, 111 S.Ct. 1635 (1991); U.S. v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 111 S.Ct. 709 (1991); U.S. v. Barret, 890 F.2d 855, 868-69 (6th Cir.1989).
 
 
 42
 We cannot conclude that the district court's failure to credit Allgood for accepting responsibility in case number 90-6437 was clearly erroneous. Allgood emphasizes his substantial cooperation with the government, which began after he was apprehended in August 1990. However, the district court independently reduced Allgood's base offense level by six points for his substantial cooperation, see Guideline Sec. 5K1.1, and, like the defendant in Luster, Allgood's acceptance of responsibility manifested itself well after Allgood had been charged in case number 90-6437 and only after he faced additional charges for failing to appear for trial. As we noted in Luster, the Commentary to Guideline Sec. 3E1.1 specifically lists "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility" as an appropriate consideration. 889 F.2d at 1526.
 
 
 43
 Finally, we note counsel's suggestion at oral argument that the sentencing judge believed that Allgood's initial flight from justice absolutely prohibited him from reducing the base level offense for acceptance of responsibility. We have reviewed the totality of the sentencing remarks, however, and we do not find that the sentencing judge believed that, within his discretion, he could not award two points if he found that other factors showed, by a preponderance of the evidence, that Allgood was entitled to credit for acceptance of responsibility. Cf. U.S. v. Tucker, 925 F.2d 990, 993 (6th Cir.1991) (sentencing court may, within its discretion, find "acceptance of responsibility" even where defendant has entered an Alford plea).
 
 IV.
 
 44
 Allgood's conviction under Count 5 of the indictment, based on the opinion delivered by Judge NELSON, is AFFIRMED. Allgood's sentences in these two cases are also AFFIRMED.
 
 
 45
 DAVID A. NELSON, Circuit Judge.
 
 
 46
 For the reasons that follow, we shall affirm Mr. Allgood's conviction on Count 5 of the superseding indictment.
 
 
 47
 Count 5 informed the defendant that the "crime of violence" in relation to which he was charged with having carried firearms was 18 U.S.C. Sec. 1952. The operative part of that statute is Sec. 1952(a), which criminalizes interstate travel engaged in with intent to accomplish any of three separate and distinct objectives:
 
 
 48
 --to distribute the proceeds of an unlawful activity (Sec. 1952(a)(1));
 
 
 49
 --to commit a crime of violence to further an unlawful activity (Sec. 1952(a)(2)); and
 
 
 50
 --to otherwise promote or facilitate the promotion of an unlawful activity (Sec. 1952(a)(3)).
 
 
 51
 Such travel is made criminal only if the defendant "thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3)...."
 
 
 52
 Under the plain language of 18 U.S.C. Sec. 924(c)(3), which defines the term "crime of violence," it is clear that Sec. 1952(a)(1) is not a crime of violence. The "use, attempted use, or threatened use of physical force" is not an "element" of Sec. 1952(a)(1), see Sec. 924(c)(3)(A), and Sec. 1952(a)(1) is not a felony that "by its nature, involves a substantial risk that physical force ... may be used...." See Sec. 924(c)(3)(B).
 
 
 53
 It is equally clear that Sec. 1952(a)(2) is a crime of violence. Whether or not subparagraph (a)(2) fits the description of Sec. 924(c)(3)(A), there can be no doubt that it fits the description of Sec. 924(c)(3)(B). Interstate travel with intent to commit a crime of violence by one who thereafter performs or attempts to perform the crime of violence is obviously a felony that involves "by its nature" a substantial risk of physical force.
 
 
 54
 As to Sec. 1952(a)(3), that subparagraph may or may not be a crime of violence, depending on the facts of the particular case. A defendant who travels in interstate commerce with intent to commit arson (see Sec. 1952(b)(i)(2), defining "unlawful activity" in terms of "extortion, bribery, or arson"), would be committing a crime of violence for which he could be prosecuted under Sec. 1952(a)(3), assuming he thereafter performs or attempts to perform an act of arson. But a person who travels in interstate commerce to promote a business enterprise involving gambling, for example (see Sec. 1952(b)(i)(1)), would not be committing a crime of violence.
 
 
 55
 Because Sec. 1952(a)(3) does not necessarily involve a substantial risk of physical force, the logic of United States v. Meyer, 803 F.2d 246 (6th Cir.1986), cert. denied, 480 U.S. 936 (1987), and United States v. Diaz, 778 F.2d 86 (2d Cir.1985), which we followed in Meyer, may suggest that Count 5 of the superseding indictment against defendant Allgood would have been deficient on its face if the underlying offense cited in that count had been Sec. 1952(a)(3). But far from helping defendant Allgood, it seems to Judge Norris and me that this hurts him. Count 5 did not say that Mr. Allgood had been carrying firearms during and in relation to a violation of Sec. 1952(a)(3). What Count 5 said, rather, was that he had been carrying firearms during and in relation to a violation of Sec. 1952, a statute specifically characterized in the indictment as "a crime of violence." Because the only subparagraph of Sec. 1952 that is necessarily a crime of violence is Sec. 1952(a)(2), the clear implication is that Mr. Allgood was being charged with having carried firearms during and in relation to a violation of Sec. 1952(a)(2).
 
 
 56
 The district court found as a fact that there was a reason to believe that Mr. Allgood took firearms to Texas for the purpose of robbing drug dealers while masquerading as a law enforcement official. Such conduct would seem to come within the purview of 18 U.S.C. Sec. 1952(a)(2); by its nature, armed robbery involves a substantial risk that physical force may be used. Accordingly, the conviction under Count 5 is AFFIRMED.
 
 
 
 *
 Honorable Ann Aldrich, Judge of the United States District Court for the Northern District of Ohio, sitting by designation