909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kyriacos P. LOUKAS, Defendant-Appellant.
 No. 89-2033.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant-appellant Kyriacos Peter Loukas appeals his conviction and sentence for distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1). He presents four assignments of error:
 
 
 2
 Whether the district court erred by refusing to instruct the jury on an entrapment defense.
 
 
 3
 Whether the district court abused its discretion by denying defendant's motion for recusal pursuant to 28 U.S.C. Sec. 144.
 
 
 4
 Whether the actions of defendant's attorney at trial constituted a denial of effective assistance of counsel.
 
 
 5
 Whether the district court unreasonably departed from the federal sentencing guidelines.
 
 
 6
 We conclude that the first three assignments of error are without merit, but that the district court erred in imposing the sentence. We shall, therefore, vacate the sentence imposed and remand for resentencing.
 
 I.
 
 7
 Defendant-appellant Kyriacos Peter Loukas was indicted by a federal grand jury on March 7, 1989 on two counts of distribution of heroin, violations of 21 U.S.C. Sec. 841(a)(1). After a jury found defendant guilty of both counts, the district court sentenced defendant to fifty-one months imprisonment on each count, to run consecutively.
 
 
 8
 The charges against Loukas arose out of two sales of heroin. Harold Jankowiak, a Drug Enforcement Administration confidential informant, purchased one half ounce of heroin from defendant on March 1, 1988 and another half ounce on April 7, 1988. Jankowiak tape-recorded his conversations with Loukas during those purchases.
 
 
 9
 During the pretrial stage of the prosecution, defendant's counsel filed motions for discovery, for copying and inspection of tapes, and to disqualify the district court judge pursuant to 28 U.S.C. Sec. 144. He also filed an interlocutory appeal with this court after the district court denied the disqualification motion and revoked defendant's bond. This court remanded the case for rehearing on the revocation of bond issue but dismissed the remaining appellate issues as premature. Defendant's bond was reinstated.
 
 
 10
 At trial, the government introduced the recorded conversations between Jankowiak and the defendant, and the testimony of four witnesses. Defendant introduced no evidence.
 
 
 11
 We shall address the defendant's assignments of error seriatim.
 
 II.
 A. Entrapment Defense
 
 12
 The defendant requested, but the trial court declined to give, an instruction on the defense of entrapment. Defendant argues that there was evidence showing a factual dispute as to whether a government agent, Jankowiak, induced defendant to commit a crime. Defendant claims that "the finding of the trial court that there was insufficient evidence of entrapment to submit the issue to the jury was clearly erroneous" and that he should have had an opportunity to present an entrapment defense to the jury.
 
 
 13
 The Supreme Court recently summarized the law regarding the affirmative defense of entrapment.
 
 
 14
 [A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct. Predisposition, "the principal element in the defense of entrapment," focuses upon whether the defendant was an "unwary innocent" or, instead, an "unwary criminal" who readily availed himself of the opportunity to perpetrate the crime. The question of entrapment is generally one for the jury, rather than for the court.
 
 
 15
 Mathews v. United States, 485 U.S. 58, 63 (1988) (citations omitted). Although the Supreme Court did not address in Mathews the question whether the evidence was sufficient to warrant an entrapment instruction,[1] we have indicated that "[i]t is the duty of the trial judge to determine whether there is sufficient evidence of entrapment to allow the issue to go before the jury." United States v. Meyer, 803 F.2d 246, 249 (6th Cir.1986), cert. denied, 480 U.S. 936 (1987). If defendant has shown the presence of government pressure on him, then the burden shifts to the government to prove that defendant was predisposed to engage in the criminal conduct. Id.
 
 
 16
 Loukas claims he presented evidence sufficient to create a jury question on entrapment as follows: that Jankowiak was a long-time friend of defendant; that Jankowiak told defendant he was "hard up" for money; and that Jankowiak mentioned some Albanians connected with drug transactions in a conversation with defendant, although the Albanians did not exist. We think those facts plainly do not make out a jury submissible question of inducement.[2] Moreover, Jankowiak testified that he had known defendant, who had a prior criminal record, for fifteen years and that he knew defendant sold heroin. There is no suggestion in the recorded conversations with Jankowiak or in the testimony of any of the witnesses that Loukas showed any reluctance to commit the two crimes. Thus, the district court did not err in finding that defendant had not introduced evidence sufficient to support an instruction to the jury on an entrapment defense.
 
 B. Motion for Recusal
 
 17
 Defendant argues that the affidavit filed with his motion to disqualify the district court judge pursuant to 28 U.S.C. Sec. 144 was sufficient to require the judge to recuse himself. Defendant claims that "[a]s a result of the trial judge's failure to measure the sufficiency of the affidavit or recluse [sic] himself the defendant was forced to enter into a trial wherein the trial judge was personally biased against both him and his attorney."
 
 
 18
 28 U.S.C. Sec. 144, which governs a judge's disqualification because of bias or prejudice, provides:
 
 
 19
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
 
 
 20
 The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.
 
 
 21
 An "abuse of discretion" standard applies to review of a lower court's denial of a motion for recusal. See Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir.1989), citing In re City of Detroit, 838 F.2d 1160, 1166 (6th Cir.1987). We have detailed the requirements for recusal.
 
 
 22
 The facts and reasons set out in the affidavit "must give fair and adequate support to the charge of a bent of mind that may prevent or impede impartiality of judgment." The legal standard requires the facts to be such as would "convince a reasonable man that a bias exists." A bias sufficient to justify recusal must be a personal bias "as distinguished from a judicial one," arising "out of the judge's background and association" and not from the "judge's view of the law."
 
 
 23
 United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983) (citations omitted) (emphasis added).
 
 
 24
 We have carefully examined defendant's nine-page affidavit in support of the recusal motion. Disregarding the very considerable irrelevant information concerning the procedural history of the case, the affidavit describes several apparently impatient statements by the trial court directed primarily at defendant's trial counsel and relating to adjournment requests and scheduling difficulties.
 
 
 25
 Whatever abruptness or impatience the trial court may have displayed at the time of defense counsel's handling of the defendant's case, there is no showing of any bias toward the defendant, personal or otherwise, that would warrant recusal. In all events, section 144 is concerned with bias arising from sources outside of the proceedings before the court, and not from the court's opinions concerning the efficiency and strategy of defense counsel.
 
 
 26
 There was no abuse of discretion in the district court's denial of the recusal motion.
 
 C. Effective Assistance of Counsel
 
 27
 Defendant argues that the conduct of his attorney denied him effective assistance of counsel and deprived him of a fair trial. Defendant focuses on his attorney's failure to object to Jankowiak's testimony concerning the tape-recorded conversations between Jankowiak and the defendant made during the two drug "buys." The tapes were received in evidence and played for the jury. The playing of the tapes was interrupted several times while Jankowiak interpreted several inaudible portions of the recording and explained the meaning of certain words such as "a package" and "an eighth." Defense counsel registered no objection to this procedure, a failure defendant now asserts to be ineffective assistance of counsel.
 
 
 28
 The Supreme Court has held that two requirements must be met to support an ineffective assistance of counsel claim.
 
 
 29
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive that defendant of a fair trial, a trial whose result is reliable.
 
 
 30
 Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Watson v. Marshall, 784 F.2d 722, 725 (6th Cir.1985), cert. denied, 476 U.S. 1107 (1986). The Supreme Court also has given guidelines for review of counsel's performance.
 
 
 31
 Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
 
 
 32
 Strickland, 466 U.S. at 689 (citations omitted).
 
 
 33
 Defendant has failed to meet either of the Strickland requirements. As we have previously held, "... the mere failure to object to evidence ... does not render counsel ineffective." Lockett v. Arn, 740 F.2d 407, 412 (6th Cir.1984), cert. denied, 478 U.S. 1019 (1986). And, of course, that is so even where an objection could be well-taken. There are a host of reasons why trial counsel might decide to forego an arguably sound evidentiary objection. A strategic decision not to object where an objection might not be sustained or, even if sustained, might unduly emphasize the evidence being presented by affording the proffering attorney the opportunity to begin again with its introduction, may well be wise, rather than ineffective counseling. In all events, defendant has not shown that the procedures employed by the prosecutor, even if objectionable, prejudiced defendant in any way.
 
 
 34
 There has been no showing that defense counsel's assistance was ineffective under the Strickland test.
 
 D. Sentence
 
 35
 The district court sentenced defendant to 51 months imprisonment for each of the two counts, running consecutively, although the federal sentencing guidelines provide for a sentencing range of 41 to 51 months on each count, running concurrently.[3] Thus, the district court imposed a sentence twice as long as the maximum sentence recommended by the guidelines.
 
 
 36
 Defendant argues that the district court unreasonably departed from the sentencing guidelines. His presentence report prepared by a United States Probation Officer shows "N/A" in the space provided for listing "any applicable aggravating and mitigating factors that may warrant a sentence at a particular point within the applicable guidelines range or outside the applicable guideline range." At the sentencing hearing, the district court made the following statements:
 
 
 37
 THE COURT: All right. The Court then finds the presentence report and the guidelines to be correct.
 
 
 38
 .............................................................
 
 
 39
 ...................
 
 
 40
 * * *
 
 
 41
 THE COURT: Pursuant to the Sentence Reform Act of 1984, it's the judgment of this Court that defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned as follows:
 
 
 42
 Count One--51 months.
 
 
 43
 As to Count Two the Court is going to deviate from the sentence guidelines for the following reasons: The defendant was still involved in this criminal justice system at the time he committed this offense; but more specifically this Court finds the selling of heroin in the amounts sold does not adequately reflect the amount of crime involved in this matter.
 
 
 44
 It's obvious from the testimony in this case that the defendant was actively involved in the selling and distribution of heroin to a larger and greater extent than that found on these two particular sales. The informant here called the defendant. Narcotics were delivered to him. It's a long, complicated criminal history and much of its drug related.
 
 
 45
 The Court does not find 51 months is adequate or sufficient punishment in this regard and, therefore, as to Count Two, 51 months consecutive to Count One is added. That is the deviation from the sentencing guidelines.
 
 
 46
 The court did not further detail its reasons for departing from the sentencing guidelines, nor did it mention any consideration of the range applicable to any higher criminal history categories.
 
 
 47
 Our review of the imposition of a sentence is statutorily limited:
 
 
 48
 Upon review of the record, the court of appeals shall determine whether the sentence--
 
 
 49
 .............................................................
 
 
 50
 ...................
 
 
 51
 * * *
 
 
 52
 (3) is outside the applicable guideline range, and is unreasonable, having regard for--
 
 
 53
 (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and
 
 
 54
 (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c)
 
 
 55
 .............................................................
 
 
 56
 ...................
 
 
 57
 * * *
 
 
 58
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 59
 18 U.S.C. Sec. 3742(e). In determining whether a district court's departure from the guidelines is reasonable, we consider the following directions:
 
 
 60
 The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.
 
 
 61
 18 U.S.C. Sec. 3553(b).
 
 
 62
 A sentencing court imposing a sentence outside the range listed in the applicable sentencing guidelines "shall state ... the specific reason for the imposition of a sentence different from the described." 18 U.S.C. Sec. 3553(c). Moreover, this court's "due deference to the district court's application of the guidelines to the facts," as required by 18 U.S.C. Sec. 3742(e), "depends upon the district court's providing a reasoned statement of 'the specific reasons for its departure in language relating to the Guidelines.' " United States v. Kennedy, 893 F.2d 825, 827 (6th Cir.1990), quoting United States v. Rodriguez, 882 F.2d 1059, 1066 (6th Cir.1989). We have previously discussed the section 3553(c) requirement of a statement giving a specific reason.
 
 
 63
 Where a district court chooses to depart, "a short clear written statement or a reasoned statement from the bench" must support the departure. The court is not required to "incant the specific language used in the guidelines," but should "identify clearly the aggravating factors and its reasons for connecting them to the permissible grounds for departure...." If the district court fails to articulate the specific reasons for it departure in language relating to the Guidelines, we are unable to review its exercise of discretion.
 
 
 64
 Rodriguez, 882 F.2d at 1066.
 
 
 65
 In addition to the clear statement requirement, we have held that when a sentencing court departs upward from the sentencing guidelines, it "must first look to the next higher criminal history category before otherwise departing from the guidelines." 893 F.2d at 829.
 
 
 66
 In Kennedy, supra, the defendant pled guilty to two counts of armed bank robbery. The district court acknowledged that the guideline range was 77 to 96 months but departed upward and imposed a sentence of 15 years on each count, to run concurrently. Kennedy's presentence report, unlike Loukas', suggested an upward departure from the guidelines because of his prior criminal record. We found it "obvious from the district court's statements that the reason it departed from the guidelines was Kennedy's 'long history of violation of the law.' However, the court neither articulated that reason in language relating to the guidelines, nor connected the criminal record to the permissible grounds for departure." Id. at 828 (footnote omitted). Our analysis in Kennedy is applicable here.
 
 
 67
 The sentencing court in this case stated that "the selling of heroin in the amounts sold does not adequately reflect the amount of crime involved in this matter," but it did not "identify clearly the aggravating factors and its reasons for connecting them to the permissible grounds for departure." 882 F.2d at 1066. In addition, the court failed "to identify the specific criminal activity that justified a finding that the guidelines under-represented [defendant's] criminal history." 893 F.2d at 828. The court also failed to indicate that it had considered the next higher criminal history category before departing from the guidelines in the manner and to the extent it did.
 
 
 68
 Although Kennedy had not been decided at the time of defendant's sentencing, and the district court could not therefore have known of its analysis and holding, the Kennedy interpretation of the statutory language governs defendant's sentencing. Thus, as in Kennedy, we vacate defendant's sentence and remand for resentencing. If upon resentencing the district court determines to depart upward from the guidelines, it should "set forth the specific reasons for its departure from the Sentencing Guidelines and ... look to the next higher criminal history category as a reference before otherwise departing upward." Id. at 829.
 
 III.
 
 69
 For the foregoing reasons, we AFFIRM defendant's conviction, VACATE the sentence imposed, and REMAND the case for resentencing.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 In Mathews, the Court addressed the question "whether a defendant in a federal criminal prosecution who denies commission of the crime may nonetheless have the jury instructed, where the evidence warrants, on the affirmative defense of entrapment." 485 U.S. at 59. The district court in Mathews refused, as a matter of law, to give a jury instruction on entrapment because the defendant refused to admit that he committed all the elements of the charged crime
 
 
 [2]
 Defendant also claims "[t]he government presented no evidence that established that Defendant was predisposed to sell drugs at the time of his encounter with the government agent." However, the burden shifts to the government to show a predisposition by defendant only after defendant has shown the presence of government pressure. See Meyer, 803 F.2d 246. Here, there was no showing whatever of government pressure to induce defendant to sell the drugs to Jankowiak
 
 
 [3]
 Defendant's offense level was 18 and his criminal history category was IV. The sentencing table provides a range of 41 to 51 months imprisonment on each count, to run concurrently. The table sets a range of 51 to 63 months imprisonment for a defendant with an offense level of 18 and the next higher criminal history category, V