954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kyriacos Peter LOUKAS, Defendant-Appellant.
 No. 91-1241.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Kyriacos Peter Loukas, a federal prisoner, appeals the sentence imposed by the district court upon remand following his 1989 conviction for two counts of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, the United States has waived oral argument in this appeal and Loukas has not submitted a statement requesting oral argument. Thus, oral argument is waived. Rule 9(d), Rules of the Sixth Circuit.
 
 
 2
 A jury found Loukas guilty of the charges described above. Based upon a total offense level of 18 and a criminal history category of IV, the sentencing guidelines called for two concurrent prison terms in the range of 41 to 51 months. The district court, however, departed upward because of evidence that Loukas's heroin distribution was much more extensive than charged in the indictment. Thus, Loukas was sentenced to two consecutive terms of 51 months. On appeal, a panel of this court vacated Loukas's sentence and remanded the case for resentencing. United States v. Loukas, No. 89-2033 (6th Cir. July 18, 1990).
 
 
 3
 At Loukas's resentencing hearing, the district court again departed upward from the sentencing guidelines, but for a reason other than that relied upon by the original sentencing judge. The district court relied upon U.S.S.G. § 4A1.3 in departing upward, finding that Loukas's calculated criminal history category of IV did not accurately reflect his "past criminal conduct, or the likelihood that he will commit other crimes." Therefore, the district court raised Loukas's criminal history category to V. See United States v. Kennedy, 893 F.2d 825, 829 (6th Cir.1990). Loukas was sentenced to two concurrent terms of 63 months imprisonment. No fine was imposed, but Loukas was also sentenced to three years supervised release and assessed $100.
 
 
 4
 Loukas raises three issues on appeal: (1) the district court did not give Loukas prior notice of its intent to depart upward, (2) the district court should not have considered Loukas's 1981 driving while impaired conviction in sentencing because his guilty plea was invalid, and (3) the district court should not have counted the 1981 driving while impaired conviction because it is a minor traffic offense within the meaning of § 4A1.2(c)(2).
 
 
 5
 Upon review, we affirm the district court's judgment because Loukas did have prior notice of the possibility of an upward departure and the district court did not err in finding that his 1981 driving while impaired conviction should be counted.
 
 
 6
 Loukas's first argument is based upon the Supreme Court's holding in Burns v. United States, 111 S.Ct. 2182 (1991), that before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify the ground on which the district court is contemplating an upward departure. Id. at 2187. Loukas's case is distinguishable because, unlike Burns, he was clearly put on alert that an upward departure would be considered on resentencing through his original sentence, the Sixth Circuit's opinion on direct appeal, and the government's response to defendant's sentencing memorandum. The government cited the guidelines section upon which the district court relied in departing upward.
 
 
 7
 Loukas's driving while impaired conviction was properly counted in calculating his criminal history because Loukas failed to show that it was unconstitutionally obtained and because it does not fall within the "minor traffic infractions" exception under § 4A1.2(c)(2). To successfully challenge a prior conviction at sentencing for a later conviction, a defendant must show that: (1) the prior conviction was unconstitutional, and (2) the sentencing judge, under the misapprehension that it was valid, relied on it in enhancing the defendant's sentence. United States v. Sammons, 918 F.2d 592, 604 (6th Cir.1990). Loukas fails the first prong of this test.
 
 
 8
 Moreover, the classification of an offense as within or without § 4A1.2(c) is a question of federal, rather than state law. See United States v. Unger, 915 F.2d 759, 762-63 (1st Cir.1990), cert. denied, 111 S.Ct. 1005 (1991). Federal law defines "infraction" as an offense with a maximum term of imprisonment of five days or less. See 18 U.S.C. § 3559(a)(9); U.S.S.G. § 1B1.9, comment. (n. 1); United States v. Kingston, 922 F.2d 1234, 1239 (6th Cir.1990), cert. denied, 111 S.Ct. 2054 (1991). With a possible 90-day prison term in Michigan, the offense of driving while impaired is not a minor traffic infraction within the meaning of the sentencing guidelines. Thus, Loukas's driving while impaired conviction was properly counted in calculating his criminal history.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.