966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. MUMPHREY, Defendant-Appellant.
 No. 91-2241.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Robert Earl Mumphrey appeals the sentence imposed following his guilty plea to a charge of bank robbery. 18 U.S.C. § 2113(a). We affirm.
 
 I.
 A.
 
 2
 On January 30, 1991, defendant Mumphrey held up a Comerica Bank branch in Detroit, Michigan. He entered a guilty plea to a charge of bank robbery. According to the presentence report, Mumphrey had eighteen prior convictions, including at least nine convictions for "crimes of violence," as the phrase is defined in the Sentencing Guidelines. U.S.S.G. § 4B1.2.[1] For various reasons, however, most of the prior sentences could not be counted, and Mumphrey was assigned criminal history category IV. The presentence report also established an offense level of 22. Thus, under the Sentencing Guidelines, Mumphrey faced a range of 63 to 78 months imprisonment.
 
 
 3
 At sentencing, the government moved for upward departure to 240 months, the statutory maximum of incarceration for bank robbery, arguing generally that Mumphrey's extensive history of violence and recidivism was not adequately considered under the guidelines and, more specifically, that Mumphrey's "narrow escape" from being classified a career offender for lack of a second, countable "crime of violence" conviction, see U.S.S.G. § 4B1.1,[2] warranted departure from the guidelines range. The district court sentenced Mumphrey to ten years imprisonment.
 
 
 4
 On appeal, Mumphrey challenges the district court's decision to depart upward from the Sentencing Guidelines range and the extent and method of its departure.
 
 B.
 
 5
 A brief history of Mumphrey's prior convictions and their treatment under the Sentencing Guidelines is necessary to our review of the district court's decision to depart upward from the applicable guidelines range.
 
 
 6
 The oldest of Mumphrey's prior felony convictions, for assault and battery, dates back to 1961 and is too old to be counted in determining criminal history or career offender status. U.S.S.G. § 4A1.2(e). No points were assigned for the crime, and it was not counted as a crime of violence for purposes of determining whether to apply the "career offender" provisions of section 4B1.1. U.S.S.G. § 4B1.1.
 
 
 7
 Twelve more convictions, including at least nine convictions for crimes of violence, stem from a single criminal episode in 1978, when Mumphrey and another man robbed and raped two women and a seventeen year-old girl at gun point. Section 4A1.2(a)(2) of the Sentencing Guidelines, however, states that "[p]rior sentences imposed in related cases are to be treated as one sentence" for purposes of calculating a defendant's criminal history category. U.S.S.G. § 4A1.2(a)(2). Thus, these multiple crimes were counted as a single prior sentence and Mumphrey was assigned three points for the entire episode. The convictions were also treated as a single prior sentence for a crime of violence under the career offender provision. U.S.S.G. § 4B1.1. Mumphrey was released on parole in 1982.
 
 
 8
 Mumphrey was also charged with kidnapping and rape in Arkansas in 1988, but ultimately pled guilty to misdemeanor charges of third-degree battery and obstruction of government operation. He was sentenced to six months imprisonment on each count. These charges were assigned two points for determining Mumphrey's criminal history category. U.S.S.G. § 4A1.1(b).
 
 
 9
 And the final prior conviction relates to a bank robbery committed by Mumphrey two days prior to the offense at issue in this case and tried in Michigan state courts under an agreement between federal and state authorities. Because the offense in this case was committed prior to the date of Mumphrey's recent Michigan conviction, the state bank robbery offense was counted only in determining his criminal history category, and three points were assigned. U.S.S.G. § 4A1.1(a). It was not counted in determining career offender status. U.S.S.G. § 4B1.1.
 
 
 10
 Pursuant to the Sentencing Guidelines, Mumphrey's criminal history points were thus calculated at eight, placing him in criminal history category IV, despite his numerous prior convictions and history of violent crime. Moreover, the career offender provisions were not applicable, as two convictions for crimes of violence are necessary and, in this case, only one of Mumphrey's prior convictions could be counted.
 
 II.
 
 11
 This circuit has adopted a three-part process for analyzing and reviewing departures from the Sentencing Guidelines:
 
 
 12
 First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law.
 
 
 13
 Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error.
 
 
 14
 Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness. 18 U.S.C. § 3742(e)(2).... In this context, reasonableness is determined with due regard for "the factors to be considered in imposing a sentence," generally, and "the reasons for the imposition of the particular sentence, as stated by the district court...." 18 U.S.C. § 3742(d)(3).
 
 
 15
 United States v. Rodriguez, 882 F.2d 1059, 1067 (6th Cir.1989) (quoting United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.1989)), cert. denied, 493 U.S. 1084 (1990) (citations omitted).
 
 III.
 A.
 
 16
 Mumphrey first argues that the district court impermissibly "counted" one of his 1978 criminal sexual conduct sentences. See U.S.S.G. § 4A1.1(f). To support this assertion, Mumphrey relies on the district court's remark at the sentencing hearing that "there was a 17 year old girl in that house and just because she happened to be in the house, she was raped, and that clearly aggravates the situation and it clearly indicates to the Court that that must be treated as a separate offense."
 
 
 17
 We are convinced that Mumphrey's criminal sexual conduct conviction involving the seventeen year-old girl was not "counted" as a separate offense within the meaning of the guidelines. If this particular criminal sexual conduct sentence, or any additional conviction for a crime of violence, had been counted by the district court, Mumphrey would have had two crimes of violence in his criminal history and been subject to sentencing as a career offender under section 4B1.1. The record makes clear that this did not occur.
 
 
 18
 Rather than sentencing defendant under the career offender provision, the district court explicitly stated that it was departing upward to section 4A1.3 of the Sentencing Guidelines. In material part, section 4A1.3 states:
 
 
 19
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
 
 
 20
 ....
 
 
 21
 A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.
 
 
 22
 U.S.S.G. § 4A1.3. Instead of counting one of the 1978 criminal sexual conduct offenses as an additional conviction, the district court simply considered it as one among many offenses that comprise Mumphrey's criminal history in deciding whether upward departure was warranted. Indeed, the district court stated on the record its concerns over Mumphrey's recidivism:
 
 
 23
 The defendant has, indeed, eleven convictions for violent crimes but what aggravates that more than anything is the fact that at least two times upon his release from imprisonment for a violent crime, he again committed an additional violent crime.
 
 
 24
 Thus, both the underrepresentation of Mumphrey's true criminal history and the likelihood of his committing further crimes guided the district court's decision.
 
 
 25
 We believe the record adequately supports the decision to depart upward in this case. The district court cited the appropriate guidelines provision governing departure and set forth specific and sufficient reasons for its decision.
 
 B.
 
 26
 Mumphrey also assigns error to the district court's failure to examine the next higher criminal history category prior to sentencing him to a ten-year term of imprisonment. This contention relies on Mumphrey's interpretation of our holding in United States v. Kennedy, 893 F.2d 825 (6th Cir.1990), where we stated that "a sentencing court must first look to the next higher criminal history category before otherwise departing from the guidelines." Id. at 829.
 
 
 27
 The process set forth in Kennedy aims to "order and standardize the departure process without removing a judge's discretion to impose an alternative sentence." Id. (quoting United States v. Cervantes, 878 F.2d 50, 54 (2d Cir.1989)). Examination and determination of these matters on the record in the district court was considered critical to meaningful appellate review of the degree of departure. According to Kennedy, "the sentencing judge should state definitively that he or she has considered lesser adjustments of the criminal history category and must provide the reasons why such adjustments are inadequate." 893 F.2d at 829 (quoting United States v. Lopez, 871 F.2d 513, 515 (5th Cir.1989)).
 
 
 28
 We note, however, that our task at this point is only to measure the "direction and degree of departure" under a "standard of reasonableness." Rodriguez, 882 F.2d at 1067. In this context, reasonableness is determined with due regard for "the factors to be considered in imposing a sentence" generally, and "the reasons for the imposition of the particular sentence, as stated by the district court." Id.
 
 
 29
 In this case, although the record lacks an explicit reference by the district court to criminal history categories V or VI,[3] we believe there exists a sufficient basis for meaningful review of the district court's decision and abundant justification for the degree of upward departure ordered. As explained above, the district court has reasonably articulated its basis for departing from the guidelines and those reasons enjoy legal and factual support. The district court was presented at sentencing with a long history of violent crime and recidivism and explained in detail the factors it considered and the reasons underlying its judgment. We think the record implicitly establishes that the degree of departure was well considered by the district court and that a remand for a more explicit incantation of the existence of categories V or VI would, in this case, amount to an empty and hollow ritual.
 
 
 30
 Mumphrey's extensive and violent criminal history made an extreme upward departure justified. We believe that the district court's imposition of a term of ten years, viewed under the totality of the circumstances, is not only reasonable, but eminently so.
 
 IV.
 
 31
 The district court committed no error in departing upward from the applicable guidelines range and acted within its discretion in determining the degree of departure. For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In pertinent part, section 4B1.2 states:
 (1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 (ii) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 U.S.S.G. § 4B1.2.
 
 
 [2]
 In pertinent part, section 4B1.1, the career offender sentencing provision, provides:
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 U.S.S.G. § 4B1.1. Under this provision, Mumphrey would have faced a guidelines range of 168 to 210 months (offense level 30, criminal history category VI).
 
 
 [3]
 If the court had not departed upward, defendant would have been subject to a Sentencing Guidelines range of 63 to 78 months. The applicable range for a criminal history category V is 77 to 96 months; for criminal history VI, the range is 84 to 105 months