16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Martin McCOY, Defendant-Appellant.
 No. 93-5806.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1994.
 
 Before: GUY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judges.
 
 ORDER
 
 1
 James Martin McCoy appeals the sentence imposed following his plea of guilty to four counts of knowingly possessing stolen vehicles in violation of 18 U.S.C. Sec. 2313 and one count of knowingly possessing stolen property in violation of 18 U.S.C. Sec. 2315. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for the parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At sentencing, the district court calculated the offense level at 14 and assigned a criminal history category of V, which together established a sentencing range of 33 to 41 months. Nonetheless, the district court departed from the guideline range and sentenced McCoy to serve a term of 48 months of imprisonment.
 
 
 3
 Upon review, we conclude that the sentence imposed by the district court is the result of an improper application of the sentencing guidelines because the departure was based in part on circumstances adequately considered by the guidelines. See Williams v. United States, 112 S.Ct. 1112, 1119 (1992). Remand is necessary because it is not clear from the record as a whole whether the district court would have imposed the same sentence if it had not relied upon those factors. See id. Additionally, remand is necessary because, in departing from the guideline range, the district court imposed a sentence in excess of the next higher range without giving specific reasons for doing so. See United States v. Downs, 955 F.2d 397, 401-02 (6th Cir.1992).
 
 
 4
 The district court is authorized to depart from the guidelines where a defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal history or the likelihood that the defendant will commit other crimes. U.S.S.G. Sec. 4A1.3. In making its determination, the district court may consider prior sentences not used in computing the criminal history category and prior similar adult conduct that did not result in conviction. U.S.S.G. Sec. 4A1.3(a) and (e), p.s.
 
 
 5
 In the present case, the district court determined that a departure was necessary because the criminal history category did not reflect the seriousness of McCoy's criminal history. The criminal history category took into account McCoy's convictions for his involvement in two auto theft rings and for possession of stolen utility trailers. McCoy's undisputed criminal history also includes numerous allegations of similar conduct which were not considered in the computation. Arguably, these latter allegations may represent unusual circumstances on which to base a departure. However, review of the record shows that the district court did not rely on these additional factors alone.
 
 
 6
 In support of its decision to depart from the guidelines, the district court specifically referred to the convictions already used to compute McCoy's criminal history category. Review of the record further suggests that the district court's decision was based in part on the apparent unbroken pattern of criminal conduct. However, the criminal history computation accounts for the fact that the present offense occurred within two years of McCoy's release from a prior conviction that was included in the computation.
 
 
 7
 Additional improper factors are reflected in the record. The district court's decision to depart was based in part on its determination that McCoy had not admitted his guilt fully, that he had lied under oath, and that his ongoing business activities involved buying and selling stolen farm machinery. Counsel for the government concedes that perjury under oath is not an adequate ground for a departure under Sec. 4A1.3. It might be considered, however, for increasing the offense level by two under Sec. 3C1.1. Moreover, outside of McCoy's inability to produce tax records, there is no evidence to support the district court's determinations regarding McCoy's alleged business activities. Circumstances on which a departure is based must be supported by the record. See United States v. Rodriguez, 882 F.2d 1059, 1067 (6th Cir.1989), cert. denied, 493 U.S. 1084 (1990). If the court wants to consider perjury under Sec. 3C1.1, it must make such a finding and recalculate the applicable level.
 
 
 8
 Finally, remand is also necessary because the district court did not demonstrate that it looked to the next higher criminal category nor that it found the sentence under the next category too lenient. See United States v. Kennedy, 893 F.2d 825, 829 (6th Cir.1990). McCoy's offense level of 14 and his criminal history category of V established a guideline range of 33-41 months. The next higher criminal history category provides a range of 37-46 months. The district court imposed a sentence of 48 months without explanation. Although the district court is not prohibited from imposing a sentence beyond the next range when departing from the guideline range, it must specify reasons for doing so. See Downs, 955 F.2d at 401-02; Kennedy, 893 F.2d at 829.
 
 
 9
 Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.