43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph E. SAPERSTEIN, Defendant-Appellant.
 No. 94-5275.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1994.
 
 Before: WELLFORD, RYAN, and BATCHELDER, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant, Joseph Saperstein, appeals his conviction and sentence entered after he pleaded guilty to failure to file income tax returns for two years, in violation of 26 U.S.C. Sec. 7203. On appeal, we are asked to hold that the district court 1) incorrectly determiend the defendant's criminal history category, and 2) improperly departed upward from the appropriate sentencing guidelines range. We conclude that the district court did not err when computing the defendant's criminal history category, but for a reason other than the one advanced by the defendant, we shall vacate the sentence and remand for resentencing.
 
 I.
 
 2
 The defendant, an attorney, was found guilty of twenty counts of contempt of court by the Tennessee Supreme Court after twice refusing to respond to allegations of misconduct by clients. He was sentenced to serve ten days in jail for each of the first eighteen counts; these sentences were to run concurrently. He was also sentenced to ten days in jail on count nineteen and ten days in jail on count twenty; these two sentences were to run consecutively. Therefore, defendant was sentenced to a total of thirty days in jail.
 
 
 3
 The defendant was then charged with two misdemeanor counts of failing to file income tax returns for the years 1987 and 1988, in violation of 26 U.S.C. Sec. 7203. On November 8, 1993, the defendant pleaded guilty to both counts.
 
 II.
 
 4
 The defendant was sentenced by the district court on February 28, 1994, for the section 7203 violations. The court determined that the total offense level under the sentencing guidelines was level nine. In determining the defendant's criminal history category, the court assigned one criminal history point for the thirty day contempt of court sentence imposed by the Tennessee Supreme Court, and one criminal history point for the defendant's 1993 conviction for theft. This result is a criminal history category of II, and a range under the sentencing guidelines of six to twelve months.
 
 
 5
 However, the district court upwardly departed from this range and sentenced defendant to serve the maximum sentence allowed by the guidelines, one year for each of the two counts. He ordered the sentences to run consecutively.
 
 III.
 
 6
 Section 4A1.2 of the sentencing guidelines contains the instructions for computing a defendant's criminal history category. The guidelines allow a judge to increase a defendant's sentence when he has received prior sentences for certain offenses. Section 4A1.2(a)(1) provides that, "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense."
 
 
 7
 Section 4A1.2(a)(2) instructs the judge that "[p]rior sentences imposed in related cases are to be treated as one sentence.... [U]se the ... aggregate sentence of imprisonment imposed in the case of consecutive sentences."
 
 
 8
 Under section 4A1.2(c)(1), sentences for contempt of court are included in computing criminal history if the sentence was a term of imprisonment of at least thirty days.
 
 
 9
 Saperstein's prior sentence of an aggregate of thirty days confinement was imposed for his twenty counts of contempt of court, convictions that were unrelated to the crime of tax evasion. Therefore, the district court properly used the contempt of court convictions in calculating the defendant's criminal history category.
 
 IV.
 
 10
 When, at sentencing, the district court departed upward from the range dictated by the guidelines and sentenced the defendant to serve the maximum sentence allowed by the guidelines, one year for each count, the defendant was assigned, in effect, a criminal history category V, instead of II.
 
 
 11
 The district court gave the following reasons for the upward departure:
 
 
 12
 The range established here does not adequately reflect the seriousness, egregiousness of your conduct, Mr. Saperstein, counts of conviction in 1987 and 1988, but you also did not file for 1986, 1989, 1990, 1991 and 1992. You didn't file for 1982, 1983, 1984 until February of 1986.
 
 
 13
 You were a lawyer preparing tax returns, giving tax advice and appearing on radio shows regarding tax matters. You used an alias, you embezzled clients' funds, you married fraudulently under a false name.
 
 
 14
 Mr. Saperstein, you have dishonored your profession. A lawyer has a special responsibility to be circumspect in his behavior. You have never been seriously punished for this.
 
 
 15
 The Court imposes a sentence of one year on count one, one year on count two to run consecutively to count one.
 
 
 16
 The defendant claims, and the government concedes, that in imposing the two-year sentence, the court violated United States v. Kennedy, 893 F.2d 825, 829 (6th Cir.1990), and United States v. Downs, 955 F.2d 397 (6th Cir.1992). Kennedy requires a district court to first look to the next higher criminal history category before otherwise departing upward from the guidelines. Kennedy at 829. Downs imposes the requirement that if a district court upwardly departs beyond the next higher criminal history category, it must state its reasons why the sentencing range encompassed in that category is inadequate. Downs at 401-02.
 
 
 17
 On the record before us, it appears that the district court neither looked to the next higher criminal history category nor stated why the next higher category was inadequate. Therefore, the sentence must be vacated. Our opinion in this case is not to be construed as viewing any upward departure to be inappropriate.
 
 V.
 
 18
 The defendant's sentence is VACATED and the case is REMANDED to the district court for resentencing. The district court is reminded of the requirements of the rules announced in Kennedy and Downs.