**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frederick James HOYT, Defendant–**
**Appellant.**

No. 03–1372.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2004.

John F. Salan, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defenders Office, Western District of Michigan, Grand Rapids, MI, for Defendant–Appellant.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

## ORDER

Frederick James Hoyt, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2002, Hoyt was charged with being a felon in possession of a firearm. Pursuant to the parties' plea negotiations, the charge was changed to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Hoyt pleaded guilty to the amended charge. During Hoyt's sentencing hearing, the district court concluded that a Criminal History Category (CHC) score of III under-represented his criminal history and departed to CHC V.

The district court then sentenced Hoyt to ninety months of imprisonment.

On appeal, Hoyt argues that the district court erred when it departed from the recommended CHC score because the departure was not warranted and because the district court did not adequately explain why CHC IV would not have been appropriate.

The district court did not abuse its discretion when it departed from CHC III to CHC V. We review a sentencing court's upward adjustment of a defendant's CHC score for an abuse of discretion. *Koon v. United States,* 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Koeberlein,* 161 F.3d 946, 952 (6th Cir.1998). Section 4A1.3 of the guidelines expressly provides for an upward departure where the defendant's CHC score fails to adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that he will commit other crimes. *United States v. Bennett,* 975 F.2d 305, 309 (6th Cir.1992). Upward departures must be supported by specific factual findings, 18 U.S.C. § 3553(c)(2), and must satisfy a three part test: 1) whether the circumstances of the case are sufficiently unusual, as a matter of law, to justify a departure; 2) whether the district court's factual findings are adequate to support departure; and 3) whether the departure is reasonable in its extent. *United States v. Joan,* 883 F.2d 491, 493–94 (6th Cir.1989). As a general rule, the appellate court will defer to the sentencing court's "superior 'feel' for the case." *Id.* at 494. When the departure involves the criminal history category, the district court "must demonstrate that it found the sentence imposed by the next higher level too lenient." *United States v. Lassiter,* 929 F.2d 267, 270 (6th Cir.1991); *accord United States v. Kennedy,* 893 F.2d 825, 829 (6th Cir.1990).

The district court did not abuse its discretion. The district court determined that CHC III did not adequately address Hoyt's criminal history, and it noted its pertinent considerations about Hoyt's criminal past during its discussion of whether he was entitled to a downward departure. The district court concluded that a review of the presentence investigation report (PSI) indicated a need to protect the public from Hoyt. The court determined that Hoyt's criminal past reflects the history of "a person who customarily uses violence when he is frustrated, including sexual violence on at least two occasions, violence with firearms, violence which may cause death or serious injury to others." The district court pointed out that Hoyt had shot two people, that he had hit two other people with his car, that he had engaged in sex with a girl, age fifteen, that could be described as rape, and that he had sexually abused a prisoner. Moreover, the district court noted that Hoyt's CHC could have been higher but for his attempts to avoid prosecution for several pending offenses. The PSI noted that, at the time of Hoyt's arrest on the instant charge, he had charges pending in three other courts, and that arrest warrants had been issued in those cases. Finally, the district court noted that the decision to charge Hoyt under § 922(j) as opposed to § 922(g) was an accommodation to Hoyt because he would have been faced with a guidelines range of 135–168 months. Based on these circumstances, the court properly concluded that Hoyt's case was sufficiently unusual to justify a departure, and the district court's factual findings are adequate to support the departure.

Contrary to Hoyt's argument, the district court's departure was reasonable in its extent. Hoyt argues that the district court erred because it did not adequately explain why CHC IV would not sufficiently represent his criminal past. Ordinarily when departing from the guidelines be-cause a particular CHC score is inadequate, the district court must look to the next higher CHC score, and must use that range as a reference before otherwise departing from the guidelines. *United States v. Thomas*, 24 F.3d 829, 834 (6th Cir.1994). However, a district court is not required "to provide a mechanistic recitation of its rejection of the intervening, lower guidelines ranges." *Id.* A court is not required to "move only one level, or to explain its rejection of each and every intervening level." *Id.* In this case, the district court did articulate its reasons for concluding that CHC IV was inadequate. The district court stated that Hoyt's pending marijuana charge, which the defendant did not contest, would be sufficient to move Hoyt to CHC IV. The district court stated that the remaining circumstances of the case warranted departure by one additional level. Hence, the district court met its burden of stating why CHC IV was inadequate. *See id.* The court was not required to provide more of a reason for rejecting CHC IV before moving on to CHC V.

Even if we were to conclude that the district court's statement of reasons was insufficient to meet its burden, any error was harmless, because specific and appropriate reasons for departing to CHC V are evident on the record. *United States v. Kingsley*, 241 F.3d 828, 835–36 (6th Cir.), *cert. denied*, 534 U.S. 859, 122 S.Ct. 137, 151 L.Ed.2d 90 (2001). The district court reiterated its reasons for departing throughout the sentencing hearing. The district court also set forth its statement of reasons in the final judgment of conviction and sentence. Specifically, the court stated that it departed: 1) because of the seriousness of Hoyt's criminal past; 2) because the current offense was committed while three other serious charges were pending; 3) because of the pattern of violence and lawlessness that Hoyt had dis-

played throughout his life, including the time he has spent in prison; and 4) because he had avoided criminal scoring by not facing the pending charges.

Accordingly, we affirm the judgment of conviction and sentence.