23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Dee GABBARD, Defendant-Appellant.
 No. 93-5985.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges; and ALDRICH, District Judge*
 PER CURIAM.
 
 
 1
 Defendant Roy Dee Gabbard appeals the sentence imposed by the district court following his guilty plea conviction to one count of being a felon in possession of a firearm which had travelled in interstate commerce in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). On appeal, the sole issue presented is whether the district court erred in departing upward from the sentencing guideline range under United States Sentencing Guidelines ("U.S.S.G.") Sec. 4A1.3. For the reasons that follow, we vacate the sentence imposed and remand for resentencing.
 
 I.
 
 2
 On March 25, 1991, defendant was stopped in Corbin, Kentucky, by the police. Corbin is in Whitley County, Kentucky. Defendant was being sought by state and local law enforcement officials as a suspect in a burglary which had occurred in London, Kentucky. London is in Laurel County, Kentucky.
 
 
 3
 Defendant was arrested and during a search of the vehicle which defendant was driving, the police found some jewelry and a guitar which had allegedly been stolen during the burglary. They also found a .22 caliber revolver on the front seat of defendant's car under a jacket.
 
 
 4
 As a result of his arrest, defendant was indicted in Whitley County on two counts of receiving stolen property, carrying a concealed weapon, and possession of a handgun by a felon. Defendant pled guilty to these charges on March 30, 1992; however, he failed to appear at sentencing which was set on July 6, 1992. Defendant was also indicted in Laurel County on charges of second-degree burglary and being a persistent felony offender.
 
 
 5
 On June 18, 1992, a federal grand jury indicted defendant, charging him with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). On July 6, 1992, defendant failed to appear for arraignment in response to a summons and a bench warrant issued for his arrest. Subsequently, defendant was arrested in Jellico, Tennessee, on October 8, 1992. Following a detention hearing on that same date, defendant was ordered detained pending trial. He was arraigned on October 16, 1992.
 
 
 6
 On April 26, 1993, defendant appeared for rearraignment and pled guilty to the charge in the federal indictment. Defendant was sentenced on July 12, 1993.
 
 
 7
 At sentencing, the defendant did not object to the calculations in the presentence investigation report which determined that his total offense level was ten and his criminal history score placed him in criminal history category IV. This resulted in a sentencing guideline range of 15 to 21 months' imprisonment. However, at sentencing, the district court indicated its intention to follow the observations made by the probation officer in the presentence investigation report and depart upward from the applicable sentencing range under U.S.S.G. Sec. 4A1.3. The district court noted two basic reasons for its upward departure; namely, defendant's past criminal history did not adequately reflect either the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. The district court imposed a sentence of 60 months' imprisonment consecutive to any state sentence thereafter imposed, to be followed by three years of supervised release. This timely appeal followed.
 
 II.
 
 8
 Defendant argues that the district court's imposition of a sentence outside the applicable guideline range was unreasonable. Specifically, defendant asserts that the district court based its upward departure on circumstances adequately considered by the sentencing commission in the guidelines, that the district court erred by basing its upward departure on unreliable and unsubstantiated allegations in the presentence investigation report, and that the district court erred by failing to consider the next higher criminal history category when making its upward departure.
 
 
 9
 "The Sentencing Guidelines require a district court to impose a sentence within the applicable guideline range 'unless the court finds there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' " United States v. Feinman, 930 F.2d 495, 501 (6th Cir.1991) (quoting 18 U.S.C. Sec. 3553(b)). However, the Sentencing Guidelines permit an upward departure from the otherwise applicable guideline range for the criminal history category:
 
 
 10
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
 
 
 11
 * * *
 
 
 12
 (e) prior similar adult criminal conduct not resulting in a criminal conviction.
 
 
 13
 U.S.S.G. Sec. 4A1.3, p.s., see also United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991).
 
 
 14
 Pursuant to the Sentencing Reform Act of 1984, this court's review of a district court's decision to depart from the guidelines is limited. 18 U.S.C. Sec. 3742(e). This court will affirm a sentence which departs from the guidelines unless it is "unreasonable." Id. This court will consider whether "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. Sec. 3553(b). Further, we defer to the district court's factual findings unless we conclude that they are clearly erroneous, and we "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e). However, this court's deference is dependent upon the district court's "providing a reasoned statement of the 'specific reasons for its departure in language relating to the Guidelines.' " United States v. Kennedy, 893 F.2d 825, 827 (6th Cir.1990) (quoting United States v. Rodriguez, 882 F.2d 1059, 1066 (6th Cir.1989), cert. denied, 493 U.S. 1084 (1990)).
 
 
 15
 In United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989), this court adopted the three-step test for reviewing departures set forth by the First Circuit in United States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.), cert. denied, 493 U.S. 862 (1989).
 
 
 16
 Step One: Determine that the case is sufficiently unusual to warrant departure. Ask whether the circumstances of the case are of a kind or to a degree that they may be appropriately relied on to justify departure. As a question of law, review is de novo.
 
 
 17
 Step Two: Determine whether the circumstances that justify departure actually exist in the case. As a question of fact, review is for clear error. See 18 U.S.C. Sec. 3742(d) (1988).
 
 
 18
 Step Three: determine that the direction and scope of the departure was reasonable. Reasonableness is to be determined with due regard for "the factors to be considered in imposing a sentence," and "the reasons for the imposition of the particular sentence, as stated by the district court." 18 U.S.C. Sec. 3742(e)(3) (1988).
 
 
 19
 United States v. Gray, 982 F.2d 1020, 1022 (6th Cir.1993). In Joan, this court described review under the third step as follows:
 
 
 20
 This third step involves what is quintessentially a judgment call. District courts are in the front lines, sentencing flesh-and-blood defendants. The dynamics of the situation may be difficult to gauge from the antiseptic nature of a sterile paper record. Therefore, appellate review must occur with full awareness of, and respect for, the trier's superior "feel" for the case. We will not lightly disturb decisions to depart, or not, or related decisions implicating degrees of departure.
 
 
 21
 Joan, 883 F.2d at 494 (quoted in Gray, 982 F.2d at 1022).
 
 
 22
 Further, where the sentencing court decides to depart upward, "the sentencing court must first look to the next higher criminal history category before otherwise departing from the guidelines." Kennedy, 893 F.2d at 829. Thus, this court has "imposed a two-prong requirement on a sentencing court departing [upward] from the guidelines. First, the court must articulate its reasons for departing from the guidelines in language relating to the guidelines. Second, it must demonstrate either that it first looked to the next higher criminal history category for guidance or it must find the sentence under the next higher criminal category too lenient." United States v. Head, 927 F.2d 1361, 1367 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991). In articulating its reasons for departing upward, "[a] conclusory statement that the sentences imposed by criminal history categories III, IV or V are too lenient is not a 'demonstration' or reasoned explanation." United States v. Lassiter, 929 F.2d 267, 271 (6th Cir.1991). Finally,
 
 
 23
 [w]here the court determines that the extent and nature of the defendant's criminal history, taken together are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.
 
 
 24
 U.S.S.G. Sec. 4A1.3, p.s. "Thus, instead of hypothesizing a criminal history range more than VI, the guidelines require a sentencing court to look to the other axis and consider the available ranges from higher offense levels." United States v. Carr, 5 F.3d 986, 994 (6th Cir.1993).
 
 
 25
 Prior to sentencing defendant Gabbard, the district court made a lengthy statement setting forth defendant's past criminal history. The district court then articulated its reasons for departing upward from the applicable sentencing guideline range:
 
 
 26
 according to U.S. Sentencing Guidelines Section 4A1.3, that is the section dealing with adequacy of criminal history, we do have reliable information that indicates that your criminal--past criminal history category does not adequately reflect the seriousness of your past criminal conduct or the likelihood that you would not commit other crimes. Likelihood is that you would commit other crimes. Because of one factor or another Mr. Gabbard's criminal history category does not reflect the seriousness of his prior records and persistent tendencies. More specifically the consolidation of sentencing of two charges reduces the criminal history score by three points. Beyond that in 1992 the defendant failed to appear for sentencing on two state charges in Whitley County and failed to appear for trial on a charge in Laurel County. Dispositions on either or both of the charges in Whitley County would have added to Mr. Gabbard's criminal history score. Although, the 1992 sentencing guidelines provide for such circumstances and hold the defendant accountable, the 1990 guidelines do not. I should also note here that Mr. Gabbard committed the instant offense while under indictment in Whitley Circuit Court. Again, since being under indictment it does not constitute a criminal adjust in sentence, no points may be added. Any adjustment from the above-mentioned factors potentially could have placed the defendant in either criminal history category five or six.
 
 
 27
 So based upon this, Mr. Gabbard, and based upon my concern that the state court system has failed you and has failed society, I really believe if they had dealt with you as you should have been dealt with, 18--starting back 18 years ago, you might have learned a lesson. But apparently you haven't. And the state court system ought to really press their persistent felony offender cases against you, because I believe you've really forfeited your right to remain a free man.
 
 
 28
 So based on all of this I am going to sentence above the applicable guidelines. And it will be the judgment of the Court that you be remanded to the custody of the United States Attorney General as authorized representatives for a period of 60 months, consecutive to any state sentence that you may--that may be imposed upon you or may hereafter be imposed upon you. To be followed by three years supervised release under the usual conditions.
 
 
 29
 J.A. 56-58.
 
 
 30
 The government argues that defendant has waived his right to review of the district court's decision to depart upward absent plain error. "Absent 'plain error,' this court will not address claims of alleged misapplication of the guidelines unless the defendant first raised the claim before the district court." United States v. Fountain, 2 F.3d 656, 669-70 (6th Cir.), cert. denied, 114 S.Ct. 608 (1993). In Fountain, the presentence report indicated that the criminal history category did not adequately reflect the seriousness of Fountain's criminal history, and the report concluded that Fountain's criminal history could warrant an upward departure from the applicable sentencing guideline range. Fountain did not object to that portion of the presentence report, and after the district court found that an upward departure was warranted, Fountain made no objection to the court's decision to depart from the guidelines. Id. at 669. This court found that Fountain's failure to object waived review of the district court's decision to depart except for plain error. Id. at 670.
 
 
 31
 However, in this case, Gabbard's counsel stated to the district court that "the guidelines are adequate, and we ask you to sentence [defendant] within those guidelines." J.A. 49. Thus, we conclude that defendant has not waived his right to review of the district court's decision to depart upward.
 
 
 32
 As noted previously, defendant Gabbard asserts that the district court erred in departing upward because the district court relied on circumstances adequately considered by the sentencing commission in formulating the guidelines, relied on unsubstantiated allegations in the presentence investigation report, and failed to consider other criminal history categories.
 
 
 33
 However, in this case, the district court did not rely on circumstances adequately considered by the sentencing commission in formulating the guidelines nor did it rely on unsubstantiated allegations in the presentence report. In deciding to depart upward from the applicable sentencing guideline range, the district court noted that defendant had been guilty of numerous crimes involving violence for which he had not been called to account by the state court system. Further, the district court noted that defendant had failed to appear for sentencing on at least one occasion in state court, an event which would have resulted in the addition of criminal history points to his criminal history score and an increase in defendant's criminal history category. Thus, the district court concluded that Gabbard's past criminal history did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other offenses.
 
 
 34
 Further, although Gabbard claims that the trial court relied upon unsubstantiated allegations in order to make its determination regarding his prior criminal history, Gabbard did not object to any of the factual assertions contained in the presentence report either prior to sentencing or at sentencing. Furthermore, even when the district court relied on the information at sentencing, Gabbard failed to contest or object to the district court's reliance on the facts set forth in the presentence report. Thus, defendant Gabbard's assertion that the district court relied on unsubstantiated factual allegations from the presentence investigation report is meritless.
 
 
 35
 Gabbard also contends, however, that the district court did not consider the next higher criminal history category at sentencing, nor did the district court explain why it found criminal history category V or VI too lenient. As noted previously, in the presentence report, defendant Gabbard was determined to have a total offense level of ten and a criminal history category of IV, which resulted in an applicable guideline sentencing range of 15 to 21 months' incarceration. As earlier stated, the district court imposed a sentence of 60 months' incarceration. Under this court's decisions in Kennedy and Carr, which have been discussed above, in order to impose such a sentence, the district court would have had to increase defendant's criminal history category to category VI, the highest possible, and then increase defendant's total offense level to 17. Nevertheless, the district court did not articulate any reason why it found criminal history category V too lenient; why it found a sentence with a criminal history category of VI with a total offense level of ten too lenient; or why it found total offense levels of 11, 12, 13, 14, 15, or 16 too lenient. In its brief on appeal, the government admits that
 
 
 36
 [t]he trial court did not, as Appellant points out in his brief at pages 12-13, enumerate its consideration and rejection of other criminal history categories in justifying the sentence imposed, as apparently required by United States v. Kennedy, 893 F.2d 825, 829 (6th Cir.1990), and expanded by United States v. Carr, 5 F.3d 986 (6th Cir.1993), to include considering other offense levels. The trial court did, however, implicitly consider and reject other criminal history categories.
 
 
 37
 Appellee's Brief at 10. Nevertheless, although the district court may have implicitly considered and rejected other criminal history categories, the district court failed to articulate on the record any statements which would show that it did consider and reject other criminal history categories and other total offense levels. Given this court's decision in United States v. Kennedy, 893 F.2d 825 (6th Cir.1990), which was further explained by United States v. Carr, 5 F.3d 986 (6th Cir.1993), we conclude that the district court's failure to articulate reasons showing that it considered and rejected other criminal history categories and other total offense levels is reversible error.
 
 
 38
 In this case, the issue is the reasonableness of the district court's upward departure. Here, the district court departed upward from an applicable sentencing guideline range of 15 to 21 months to an actual sentence of 60 months, a 39-month upward departure. Moreover, in reaching this sentence, the district court in effect departed upward by two criminal history categories and seven total offense levels, all without any explanation of why the prior criminal history category or total offense level was inadequate. In effect, the district court has failed to articulate, i.e., to make a record, which would allow us to completely review the "reasonableness" of the district court's upward departure. As noted previously, the district court articulated reasons in this case which do justify an upward departure; however, when we address the question of the extent of the upward departure, articulated reasons from the district court are missing.
 
 
 39
 Thus, we conclude that rather than turning the issue of the reasonableness of the district court's departure into an essentially unreviewable issue, due to the lack of articulated reasons for the departure, this court must reverse the sentence imposed by the district court. Therefore, defendant Gabbard's sentence should be vacated and this case remanded to the district court so that the district court may establish a record which demonstrates that in sentencing the defendant, it considered the next higher criminal history category, and, if necessary, the next higher total offense level, and found them too lenient.[1]
 
 
 40
 Finally, we note that the district court imposed a sentence "consecutive to any state sentence thereafter imposed." An open-ended sentence of this type is improper.
 
 III.
 
 41
 For the reasons stated, the sentence imposed by the district court is VACATED, and the case is REMANDED for resentencing consistent with this opinion.
 
 
 
 *
 Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In establishing a record which supports the district court's decision to depart upward, we note that defendant Gabbard did not challenge the accuracy of the information concerning his past criminal history set forth in the presentence investigation report. Thus, the district court is entitled to rely on the facts set forth in the presentence investigation report. However, we note that convicted defendants "have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information." United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988)
 Further, we note that the information in the presentence investigation report concerning defendant's past criminal history states that many of the charges against defendant were dismissed or did not result in convictions. Based upon concerns which have arisen from our review of the record herein, we caution the district court that in establishing a record which supports its decision to depart upward, the district court should rely on the facts set forth in the presentence investigative report and the reasonable inferences to be drawn from those facts; however, in order to ensure that defendant is sentenced on the basis of accurate information, the district court should not go beyond facts and reasonable inferences into the realm of speculation.