**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James W. FARMER, Defendant–
Appellant.**

**No. 01–6240.**

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.[*]

James W. Farmer appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Farmer pleaded guilty to charges of identity theft, mail fraud, perjury, and two counts of making false statements to a bank. He was sentenced to 60 months of imprisonment to be followed by five years of supervised release.

In this timely appeal, Farmer's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Farmer was notified of counsel's motion to withdraw. He has responded by filing a pro se letter in which he states that the banks that he attempted to defraud were not federally-insured.

[*] The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

We grant the motion to withdraw, as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether the district court erred in denying Farmer an offense-level reduction under USSG § 2X1.1(b)(1), and (2) whether the district court abused its discretion in departing upward from the guideline range by nine months. Counsel states these issues but concedes that they lack merit.

■ As an initial matter, Farmer's pro se contention that the banks were not insured flatly contradicts the factual basis for the plea agreement. Farmer's solemn admission of guilt, in open court and under oath, is entitled to a great presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). This presumption was not overcome by Farmer's baseless, eleventh-hour revelation concerning the nature of the banks he sought to defraud.

■ Contrary to counsel's contention, Farmer was not entitled to a reduction in his offense level under § 2X1.1(b)(1) on the theory that his offense was only "partially complete." He was convicted of two counts of making false statements in loan applications, 18 U.S.C. § 1014, and the crime was completed upon his utterance of the statements. *See United States v. Simpson*, 995 F.2d 109, 113 (7th Cir.1993) (concerning a conviction under 18 U.S.C. § 1001).

■ The record reflects that the district court properly accepted Farmer's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755, 90 S.Ct. 1463. The district court explained to Farmer the rights he was, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3), (c)(6). Farmer acknowledged his guilt of the crime charged.

Through his plea agreement, Farmer waived his right to appeal his sentence, so long as he was sentenced within the applicable guideline range. In sentencing Farmer, the district court—on the recommendation of the probation officer and over Farmer's objection—departed from the recommended guideline range of 41-to-51 months of imprisonment and sentenced Farmer to 60 months of imprisonment. The district court departed upward because of Farmer's 47-year history of constant criminal behavior, because Farmer had engaged in credit card fraud that went unpunished, and because of the high likelihood that Farmer would continue his criminal behavior after serving his sentence. USSG § 4A1.3. The transcript reveals that the court may have also based its decision on Farmer's despicable modus operandi of preying specifically upon lonely widows.

In the *Anders* brief, counsel contends that the upward departure was unreasonable. This court reviews a sentencing court's upward adjustment of a defendant's criminal history for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Koeberlein*, 161 F.3d 946, 952 (6th Cir.1998). Section 4A1.3 of the guidelines expressly provides for upward departure where the defendant's criminal history category fails adequately to reflect the seriousness of the defendant's past criminal conduct or the likelihood that he will com-

mit other crimes. *United States v. Bennett,* 975 F.2d 305, 309 (6th Cir.1992). Upward departures must be supported by specific factual findings, 18 U.S.C. § 3553(c)(2), and must satisfy a three part test: First, are the circumstances of this case "sufficiently unusual," as a matter of law, to justify a departure? Second, are the factual findings of the sentencing court adequate to support departure? And finally, is the departure reasonable in its extent? *United States v. Joan,* 883 F.2d 491, 493–94 (6th Cir.1989). As a general rule, the appellate court will defer to the sentencing court's "superior 'feel' for the case." *Joan,* 883 F.2d at 494. When the departure involves the criminal history category, the district court "must demonstrate that it found the sentence imposed by the next higher level too lenient." *United States v. Lassiter,* 929 F.2d 267, 270 (6th Cir.1991); *accord United States v. Kennedy,* 893 F.2d 825, 829 (6th Cir.1990).

■ Only the reasonableness of the departure involves a colorable question in this case. The sentencing judge stated that it increased Farmer's sentence by incrementally adjusting his criminal history category from IV to VI. The court's reasons for doing so were proper and are fully supported in the record. Nevertheless, in purportedly leaping criminal history category V, the court did not explain why criminal history category V was inadequate. On its face, the court's failure to explain why category V was inadequate violated the rule of *Lassiter* and *Kennedy.*

Nevertheless, this issue lacks merit. In some circumstances, district courts are not required to mechanically recite their reasons for rejecting an intervening, lower guideline range in making an upward departure. *United States v. Thomas,* 24 F.3d 829, 834 (6th Cir.1994) (concerning an increase in offense level because the defendant was already at the uppermost limits of criminal history categories).

Although the court stated that it advanced from category IV to category VI, category V also provided to a range that permitted the 60–month sentence that the court imposed. Thus, had the court stated that it was adjusting by only one category, there would be no issue regarding the propriety of the departure. In addition, because the departure increased Farmer's sentence only nine months beyond the upper limit of the original guideline range and was within the category V range, questions regarding the proportionality of the departure are academic.

■ Finally, any error in departing to category VI without considering category V was harmless. Remand is not necessary every time a sentencing court misapplies a provision of the guidelines. Instead, in determining whether a remand is required, "a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). Because Farmer received a sentence allowed for within both ranges, the court's recitation error did not prejudice Farmer. His sentence would have been the same. *See United States v. Page,* 232 F.3d 536, 545 (6th Cir.2000) (finding no prejudice to defendants convicted of multiple counts of conspiracy and drug distribution when district court sentenced them in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because their sentences would have been the same even without the error), *cert. denied,* 532 U.S. 1056, 121 S.Ct. 2202, 149 L.Ed.2d 1032 (2001); *see also United States v. Vandeberg,* 201 F.3d 805, 812 (6th Cir. 2000) ("[r]emand is appropriate unless the appellate court is convinced that the trial

**808**

court would have imposed the same sentence absent [its] misinterpretation of the guideline."). Any arguable inadequacy in the district court's articulation of its reasons for departing upward were, at worst, harmless error, given that specific and appropriate reasons for the departure are evident on the record. *United States v. Kingsley*, 241 F.3d 828, 835–36 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 137, 151 L.Ed.2d 90 (2001).

Finally we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.